1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WRIGHT,<br>CDCR #AK-0811,<br><br>                                    Plaintiff,<br><br><br><br>vs.<br><br><br><br>STATE OF CALIFORNIA<br>DEPARTMENT OF CORRECTIONS,<br>R.J. DONOVAN,<br><br>                                    Defendants. | Civil No.      12-CV-1962 MMA(JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350.00 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 8]; and**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

     On April 2, 2012, Christopher Wright ("Plaintiff"), a state prisoner currently incarcerated at High Desert State Prison located in Susanville, California, and proceeding *pro se*, initially submitted a civil action pursuant to 42 U.S.C. § 1983 in the Northern District of California. Additionally, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 8].  United States District Judge Richard Seeborg determined that venue was proper in the Southern District of California and therefore, transferred the matter on

August 1, 2012. [Doc. No. 9.]

## I. MOTION TO PROCEED IFP [Doc. No. 8]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds

available to him when payment is ordered.").  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 8] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3).  *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to section 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's

pleadings, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

In his Complaint, Plaintiff alleges that while he was housed at the Richard J. Donovan Correctional Facility in 2011, his disability was not accommodated as required by the Americans with Disabilities Act ("ADA"). (*See* Compl. at 3.) The Americans with Disabilities Act, 42 U.S.C. § 12132, applies in the prison context. *See* 42 U.S.C. § 12131(1)(B); *U.S. v. Georgia*, 546 U.S. 151, 154 (2006). In order to state a claim under Title II of the ADA, however, a plaintiff must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations and quotations omitted).

Assuming Plaintiff was able to allege a disability that is covered by the ADA, which he currently fails to allege the specific disability in his Complaint, Plaintiff must also be able to allege facts sufficient to show that he was discriminated against *because* of his physical disability. There are no allegations that Plaintiff was discriminated against because of his alleged disability. *See Simmons v. Navajo Cnty., Ariz.* 609 F.3d 1011, 1022 (9th Cir. 2010). There are

simply no factual allegations to support an ADA claim in Plaintiff's Complaint.

More generally, Plaintiff also appears to allege that the conditions of his confinement, while housed at the Richard J. Donovan Correctional Facility, violated his Eighth Amendment rights. The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 347, 349 (1982). Eighth Amendment humane conditions of confinement claims require the prisoner to satisfy two requirements: one objective and one subjective. *Farmer*, 511 U.S. at 834; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions must result in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit*, 682 F.2d at 1246; *Farmer*, 511 U.S. at 534; *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the defendant's state of mind, requires the plaintiff to allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" in this context also exists only if the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

First, Plaintiff's Complaint includes no facts which show how or to what extent he personally has been deprived of any of "life's necessities." *Rhodes*, 352 U.S. at 357. Second, while the Eighth Amendment does protect an inmate from an official's "deliberate indifference to [a] serious illness or injury," *Estelle v. Gamble*, 429 U.S. 97, 105 (1976), and extends to "physical, dental and mental health," *Hopowit*, 682 F.2d at 1253; *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998), Plaintiff has failed to allege facts to show that he personally had objectively "serious" medical needs, *see McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (1997) (en banc);

1   *Lopez*, 203 F.3d at 1131-32, or how any individual in this suit acted with "deliberate

2   indifference" to those needs.  *Estelle*, 429 U.S. at 106.

3       The only named Defendant in Plaintiff's Complaint is the "State of California Department

4   of Corrections, R.J. Donovan."  (Compl. at 1.)   To the extent Plaintiff seeks money damages

5   against the California Department of Corrections and Rehabilitation ("CDCR") for alleged

6   constitutional violations,  the Court finds the Eighth Amendment claims against this Defendant

7   must be dismissed for failing to state a claim and for seeking damages against defendants who

8   are  immune pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).  The State of California, and the

9   CDCR,  an agency of the State of California,  are not "persons" subject to suit under § 1983 and

10  are instead, entitled to absolute immunity from monetary damages actions under the Eleventh

11  Amendment. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State

12  School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale v. Ariz.*, 993 F.2d 1387,

13  1398-99 (9th Cir. 1993) (holding that a state department of corrections is not a "person" within

14  the meaning of § 1983).

15      For these reasons, Plaintiff's Eighth Amendment claims are dismissed for failing to state

16  a claim upon which § 1983 relief can be granted and for seeking monetary damages against an

17  immune defendant pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See Lopez,* 203 F.3d at

18  1126-27; *Resnick*, 213 F.3d at 446.

19                        **III.  CONCLUSION AND ORDER**

20      Good cause appearing, **IT IS HEREBY ORDERED** that:

21      1.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 8]

22  is **GRANTED**.

23      2.     The Secretary of California Department of Corrections and Rehabilitation, or his

24  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

25  owed in this case by collecting monthly payments from the account in an amount equal to twenty

26  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

27  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

28  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

ASSIGNED TO THIS ACTION.

3.     The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.     The Clerk of Court is directed to mail a form section 1983 complaint to Plaintiff.

DATED:  August 20, 2012

Hon. Michael M. Anello
United States District Judge